IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THEODORE L. WHIDDEN,

    Plaintiff,
v.                                          CASE NO. 5:17-cv-196-MCR-GRJ

LAURA WAHLQUIST, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's First Amended Complaint under 42 U.S.C. § 1983. (ECF No. 7.) Plaintiff, a *pro se* non-prisoner litigant, was previously granted leave to proceed as a pauper. (ECF No. 4.)

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the

facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937*).* The screening process under § 1915A also applies to non-prisoner *pro se* litigants who are proceeding in forma pauperis. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002).

Plaintiff brings claims against three Defendants: (1) Laura Wahlquist, the Assistant State Attorney that prosecuted his criminal case; (2) Dale Rabon Guthrie, former Jackson County Clerk of Court; and (3) Clayton Odell Rooks, III, Jackson County Clerk of Court. (ECF No. 7.)[1] Plaintiff's amended complaint ("Complaint") centers around the state's prior criminal case against him, which eventually resulted in a nolle prosequi. Plaintiff

---

[1] Although Plaintiff does not name Ms. Wahlquist in the case caption or on the list of Defendants, within his claims he refers to Ms. Whalquist as "Defendant Whalquist."

*Case No: 5:17-cv-196-MCR-GRJ*

says he was arrested and charged on July 29, 2015, despite a lack of probable cause. In January 2016—after the speedy trial period ended—Defendant Whalquist filed for a mental competency evaluation. Plaintiff says there was no evidence, however, that suggested he did not understand the proceedings. Nonetheless, the Court granted the motion on January 27, 2016, and ordered that Plaintiff undergo a mental competency evaluation. Plaintiff says the Clerk's office failed to provide him with a copy of the order. Then, approximately one month later, the state dropped the case. The order for Plaintiff to undergo a mental competency evaluation, however, remains public record.

Plaintiff says Defendants conspired to violate his federal due process and equal protection rights under 42 U.S.C. §§ 1983, 1985–86, violated his Eighth Amendment rights, violated his state due process rights under the Florida Constitution, engaged in malicious prosecution, abused process, perjured themselves, were negligent, defamed Plaintiff, intentionally and negligently inflicted emotional distress upon Plaintiff, tortiously interfered with Plaintiff's business relationships, and committed willful blindness. As relief, he seeks an injunction enjoining Defendants from keeping the order for a mental competency evaluation part of the public record,

compensatory and punitive damages, and any other relief the Court deems proper.

The Court has screened Plaintiff's Complaint and concludes that the Complaint should be dismissed for failure to state a claim and as frivolous. As an initial matter, despite advising Plaintiff of various deficiencies pertaining to his original complaint and affording him an opportunity to amend, (ECF No. 4), the instant amended complaint is remarkably similar and presents many of the same deficiencies.

First, like his original complaint, his amended complaint is nothing more than a shotgun pleading, which is disfavored in the Eleventh Circuit. Plaintiff brings thirteen claims against Defendants. But like his original complaint, Plaintiff has failed to adequately state what each Defendant did, or did not do, in support of each claim. Instead, Plaintiff presents three pages of factual allegations, many of which are conclusory or appear to be wholly unrelated to any of the Defendants, and then brings each claim "against all Defendants" based on the "allegations contained in Section III allowed in this filing above as though specifically pled in this count." As the Court previously advised Plaintiff, this type of pleading is a shotgun pleading, which is disfavored in the Eleventh Circuit. *See, generally*,

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015) (discussing the different types of shotgun pleadings). The Court is therefore unable to discern which factual allegations support which claims, and which factual allegations link each Defendant to each claim.

Nonetheless, Plaintiff's federal claims against Defendant Whalquist (the prosecutor assigned to his criminal case) are barred by the doctrine of absolute immunity. *See Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010) ("In § 1983 actions, prosecutors have absolute immunity for all activities that are intimately associated with the judicial phase of the criminal process. . . . . A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate. . . . . Such absolute immunity also extends to a prosecutor's acts undertaken ... in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."). Plaintiffs allegations pertaining to Defendant Whalquist all relate to actions and functions related to the initiation and prosecution of Plaintiff's criminal case. Plaintiff's assertions that Defendant Whalquist lacked evidence that Plaintiff needed a mental competency evaluation does not alter this conclusion. Filing a motion for a mental competency evaluation—even without sufficient basis—is an action undertaken by a prosecutor in

preparing for trial. Thus, Plaintiff's federal claims against Defendant Whalquist are barred by absolute immunity.

Similarly, Plaintiff's federal claims against Defendant Guthrie and Defendant Rooks (county court clerks) are barred by the doctrine of absolute quasi-judicial immunity. *See Jenkins v. Clerk of Court, U.S. Dist. Court, S. Dist. of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005) ("Nonjudicial officials have absolute immunity for their duties that are integrally related to the judicial process."). Plaintiffs allegations pertaining to Defendant Guthrie relate to actions involved in managing the judicial proceedings surrounding Plaintiff's criminal case, such as mailing copies of court orders—or allegedly failing to mail copies of court orders—and maintaining the public docket. Plaintiff's assertions that Defendant Guthrie failed to mail him a copy of the mental competency order and failed to remove the order from the public docket do not somehow render these duties unrelated to the judicial process.

Furthermore, Plaintiff wholly fails to assert any factual allegations regarding Defendant Rooks. Nevertheless, to the extent Plaintiff makes general allegations against the Clerk's office for maintaining allegedly fraudulent filings as part of Plaintiff's public criminal record, maintaining the public record in cases and removing filings from the record are normal

clerks' duties related to the judicial process. Notably, a clerk may only remove a judicial order from a case upon direction from the judge. Surely this renders these actions integrally related to the judicial process. Accordingly, Plaintiff's federal claims against Defendants Guthrie and Rooks are barred by the doctrine of absolute quasi-judicial immunity.

Although Plaintiff also sets forth various state law claims, the Court lacks subject matter jurisdiction over these claims. Federal jurisdiction over state law claims requires either (1) the existence of original jurisdiction pursuant to 28 U.S.C. § 1331, or (2) diversity of citizenship under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy"). As discussed, however, Plaintiff has failed to plausibly state a federal claim that would provide this Court with original jurisdiction over his claims.

Plaintiff also has not demonstrated that this Court has subject matter jurisdiction over his state law claims based on diversity jurisdiction. *See* § 1332(a) (providing that the matter in controversy must exceed $75,000 and be between citizens of different states). Citizenship is based upon the

domicile of the person, which "is the place of [the person's] true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Flintlock Const. Servs. LLC v. Well Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). According to the Complaint, Plaintiff, Defendant Guthrie, and Defendant Rooks all live in Florida.[2] Thus, Plaintiff has failed to demonstrate that the Court has diversity jurisdiction over Plaintiff's state law claims. *See Simpson v. Fender*, 445 F. App'x 268, 270 (11th Cir. 2011) (the party invoking the court's jurisdiction bears the burden of proving it exists).

Although the Court would normally allow a *pro se* plaintiff to amend his complaint, amendment would be futile in this case. *See Mordkofsky v. Calabresi*, 159 F. App'x 938, 939 n.2 (11th Cir. 2005) (noting that sua sponte dismissal is appropriate when a plaintiff proceeding in forma pauperis brings claims that are barred by absolute immunity). Plaintiff's Complaint should therefore be dismissed.

---

[2] Plaintiff does not provide an address for Defendant Whalquist.

*Case No: 5:17-cv-196-MCR-GRJ*

Accordingly, it is respectfully **RECOMMENDED** that:

> Plaintiff's amended complaint, ECF No. 7, should be **DISMISSED**, and the case closed.

**IN CHAMBERS** this 21st day of September 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**